May it please the Court, my name is Melody Walcott, I'm with the Federal Defender Office and I represent Walter Marcus Schales. I would like to reserve three minutes for rebuttal and I would like to concentrate my argument, obviously unless there are any questions, on the issue of over-breath and I think that I should begin by making a correction to my brief. At page 16 of my brief, the government points out that I use the word or obscene as opposed to and obscene. It is clearly and obscene and I'm not trying to change the statute in that regard. The CPPA was found unconstitutional by the Supreme Court because it failed the vagueness test and because it was over-broad. Specifically, the statute included the court found virtual images which it found were not images of real children. In the dissent against the Ninth Amendment, Ferguson found that under the CPPA, quote, paintings, drawings and sculptures, close quote, could not be criminalized because Congress stated the law is targeted at visual depictions that are virtually indistinguishable from unretouched photo images of actual children engaging in sexually explicit conduct. And that's at Judge Ferguson's dissent in free speech at 1101 through 1102. From the cases, from the free speech cases from this circuit in Ashcroft from the Supreme Court, the Congress picked up the language of 1466A. And the portion of 1466A that is and cartoons of a minor engaged in sexually explicit conduct that are obscene. Does it comply with Miller? It would. It does comply with Miller because it does give, add the requirement that the images be obscene. I guess then my question there would be then how is 18 U.S.C. 1466A.1 facially unconstitutional if it does not extend beyond the regulation of obscenity as articulated in Miller? I think what it does, Your Honor, is that it goes beyond by adding paintings, drawings, sculptures and cartoons, it goes beyond what the intent of the statute was. The intent of the statute according to But if it complies with Miller, then how is it going beyond? I guess that's my Well, it goes beyond because it goes into an area where you could have a minor, as the I should say, in sexually explicit conduct and is obscene. In the instance of paintings, drawings, sculptures and cartoons, we could go way beyond what a minor is. When the statute addresses a minor and in subsection C, it says that the minor does not even have to that it must be a minor that is involved in sexually explicit conduct and is obscene. In the jury instructions that were provided to the jury at the time of the trial, the court defined the term minor. And it defined the term minor as a person under the age of 18. And this portion of the statute is Which portion? The portion of the statute that I describe it as a tension between the definition of the word minor being a person under the age of 18 and the definition or the subsection C saying that a minor does not have to exist. That creates a tension and actually goes to our vagueness argument, but it also touches on the overbreath issue, because it goes beyond and creates uncertainty in what is a minor. So it's the only case that we have to deal with that's dealt with this. It's not a circuit case, but U.S. v. Worley, and that's on appeal in the Fourth Circuit? That is my understanding that it is on appeal. I couldn't, in looking it up, I didn't really find that, that it was actually on appeal, but it's my understanding that it is on appeal. And Worley clearly deals with the cartoons. It was a case dealing with the Japanese cartoon style, the anime cartoons. Let me try to sort these out, because I think I may have gotten confused. Your first argument, the overbreath, what's the constitutional violation or objection? The constitutional violation is the use of the requirement of drawings, sculptures, excuse me, paintings, and cartoons. The vagueness portion of the ---- Well, that's what I'm trying to segregate. I understand the vagueness argument. That is the lack of clarity argument. Are you making a First Amendment argument? Yes, Your Honor. If it's obscene, where's the First Amendment involved here? I think ---- It requires one element, is it is obscene. What this statute does, by including drawings and other artistic renderings, is it goes beyond what one would look at when one is talking about a minor involved in sexually explicit conduct and involved in obscene conduct. But if it's still obscene, I mean, in the statute, one of the required elements appears to be it is obscene. Are you saying that something that's not an actual photograph can't be obscene? I mean, obviously, obscenity goes beyond photography. I think that there clearly are instances where an artistic rendering could be depict a minor and be obscene, but I think that this statute sweeps in other media and other renderings that could go beyond. But isn't the requirement of obscenity what saves it? I don't think it saves it. I don't think it saves it because once we move to other artistic renderings, then we are encroaching the area of thought and speech, protected speech. And I think that is what makes this statute unconstitutional on its face. Is the artistic in there? Is that word in the statute? No, that word is not in the statute. That's your word. Artistic renderings is my phrase. If you take out the artistic. The correct phrase, as it is used, is the paintings, drawings, sculptures, and cartoons. So if you take out the artistic, you've got these sculptures, drawings, cartoons, paintings, depicting a minor that is obscene. So what is it that's wrong with that? I think that once we get to those items, we are going into the area. You mean you can't have any drawing? You can't talk about drawings? I'm saying that those type of media do not have to be specific as to a minor. I think the argument actually encroaches on the vagueness argument also, because we have to have a depiction of a minor. The statute says a minor doesn't have to exist on one hand, but the sexually explicit conduct portion says that it has to be a minor, and a minor is a person under the age of 18. So we have, I think when we look at all these portions, it's very difficult for me to try to separate it out, because I think they begin to overlap into each other. Well, how can you have a cartoon that is not of a minor? Isn't a cartoon a minor that doesn't exist? Yes, it can be a minor that doesn't exist. Do you need the clause that it doesn't exist in order to clarify what this is all about? Otherwise you'd have a real mess, wouldn't you? I think that when we have the two definitions of minor, that the minor doesn't have to exist at all, and we have sexually explicit conduct saying that it's a person under the age of 18, that we have a tension in the statute with the definition. But Congress knows how to say what it wants when it wants to say it, and it doesn't mean it has to be the same in different statutes, right? I mean, there doesn't, you know, the definition of a minor could be different. You know, one could actually require that the minor exists, and the other doesn't require that the minor exists, and it doesn't, that in and of itself doesn't make it unconstitutional, does it? If that were all we had, Your Honor, I would agree. But I think in this statute what we have are the two definitions of minor colliding. Well, that kind of tells me that they know how to say what they want to say when they, you know, they know how to say what they mean. And in one instance they meant one thing, and in another instance they meant something else. I don't want to cut this off, but perhaps you might want to move to Davenport. Thank you, Your Honor. I think the Davenport case, I cited it in my first 28-J letter to let the Court know that I was aware of it, and that it has a direct impact on this, on the convictions that Mr. Schell's had. Help me out on this. Yes. Just, all right, your client has three counts, right? Correct. And in terms of, I mean, the Davenport Court held that the defendant's convictions for receipt and possession of child pornography under 18 U.S.C. 2252A violated the Fifth Amendment's prohibition on double jeopardy. I think, and Judge Graber dissented, right? Yes. Here, Schell's was convicted on count one for the receipt of distribution of material involving the sexual exploitation of minors, and on count two for possession of material involving the sexual exploitation of minors. That's section 2252. Yes, Your Honor. It's a different statute. Why should Davenport apply here? I think Davenport applies simply because the possession that Mr. Schell's was convicted of is a lesser included of the receipt. He actually, there was no issue as to distribution, just as to receipt in this case. All right. Let's say if we buy your argument. Is it a distinction without a difference for Mr. Davenport in the sense that, what, doesn't he have concurrent sentences on one and two, and then three's a different sentence? That is absolutely correct. So, I mean, what we're talking about here is if we accept your argument, then the lesser gets stricken, and so then he has the sentence as to count one, which doesn't change, right? Correct. Or does it have to go back? When I read the case, Davenport, the case was reversed and remanded. When I initially wrote my initial 28J letter, I just asked that the count of possession be dismissed. I am not, it's not really clear to me, under this case, whether the court has to send it back to the district court judge for action consistent with Davenport, or whether this court can take that action on its own. It does, I said it doesn't make a difference, and it doesn't make a difference in the way that Mr. Schell's was sentenced, but it clearly does make a difference in the way that Davenport addresses, which is that it is suffering yet another conviction. So it does, it makes a difference. In a future sense, if you're talking about, unfortunately, if he were to ever get out, and you're talking about type of priors and enhancement sentences, if they can both stand, then that could be two as opposed to one. Correct. But probably in terms of, I'm going to say because all the facts were, it was pretty much all the same facts over everything that the judge, I don't know if you can know this with certainty, but somehow thought that whatever he did was worth a certain amount of months, and it's probably unlikely that the sentence would change just because one of the concurrent counts went away. That is correct. I would totally agree with that. If there are no further questions, I will reserve my time. Thank you. Good morning. May it please the Court. David Gappa on behalf of the United States. Your Honors, the government disagrees with counsel in that we view 1466 capital A, A1, as not having constitutional infirmities. We don't agree that the statute is overbroad, nor do we agree that it's vague. And I believe that based on the Court's questions of counsel in the overbreadth issue, that I believe the Court recognizes that in legislating this statute, that Congress was specifically addressing the defect which was found by the Supreme Court in the Ashcroft decision. And notably in that decision, they referred to the appears to be a child and said that there were problems there because that could be addressed by having the obscenity provision, which is found in this statute. So this statute does require that not only does the depiction involve sexually explicit conduct of a minor, but also that the depiction is obscene. So you do have the traditional Miller test. And as the Court has acknowledged, that test has been found to restrict more than just visual depictions. It can be restrictions on speech. And there are Supreme Court cases which we've cited in our brief on that issue. So we don't agree that in terms of the overbreadth issue, that that's a viable argument that this Court should entertain, nor do we believe that there's an issue about vagueness because we believe that there is adequate notice under cases. So that is not an issue in this case. Nor is it a problem just because hypothetically there could be some facts under which the statute might have a restriction which a court might find in violation of the First Amendment. That was addressed in the Ferber decision by the Supreme Court in 1982. So we don't agree that there are any constitutional infirmities on the 1466 capital A, A1 count. Looking at the other arguments raised by the defendants, the suggestion was that there was insufficient evidence to support the convictions. We disagree there was more than abundant evidence. There were thousands of images that were either referenced in the record or put directly in front of the jury. And our argument was that on each of these specific counts that one single image would have been sufficient. We had plentiful evidence, numerous images, both for the receipt count, for the possession count, and then for the receipt or production of the obscene depictions of minors. So we don't agree that there was insufficient evidence. Nor do we agree that there was any problem with the district court admitting some of the evidence under Rule 404B. As counsel has argued in the brief, we argued to the district court and the district court agreed that there were inextricably intertwined facts of the defendant being found at the Walmart store in July of 2005, taking pictures up the skirt of this young girl. That is exactly the MO that he used in different other locations, where he took pictures of 10 to 12 victims, mostly surreptitiously, always without permission, but then took those to his residence, put them onto his computer, applied various software programs to then create the obscene images. So we believe the district court was correct in its ruling on the 404B admission of evidence. And then on the issue of the acceptance of responsibility, we believe that that is clear. Looking at the factors under the sentencing guidelines, it's not just a question of does the defendant admit the offense, but rather here, he didn't even admit the elements of any single offense. There were three counts of conviction, and there were other factors that the district court took into consideration. And when you go through that list of factors, which the district court thoroughly enumerated, he agreed with the government that the defendant had not demonstrated acceptance of responsibility and therefore did not make any downward adjustment in the offense level. And then looking finally at the issue which was raised and which we briefed last week, the government disagrees that there is a double jeopardy issue here, which would restrict the sentence which has been imposed from standing. And we've argued in our brief that there are three separate convictions and that there is a distinct set of facts. She's only talking about one and two, right? Now, you know, I'll be the first to admit this interpretation of double jeopardy is counterintuitive in the sense that we all understand you can't try someone again after they've been acquitted. But it exists, all right? And Davenport, I think you try to distinguish Davenport, but in looking at it, I would almost have to say that Appellant has a stronger argument than in Davenport, because if you look at Judge Graber's dissent, she distinguishes the two in the sense that she said one has a different affirmative defense. And in this case, you don't even have that distinction. I mean, it's the same for both, that one doesn't have a different affirmative defense than the other. I think you're more doomed than Davenport is what I guess I'm saying, if Davenport stands. Correct, but unless, and unfortunately, that didn't carry the day in the Davenport decision. However, that's what we focused on. And as the Court acknowledges, I'm sure, in reading our response, that that decision is still under review by the government. We don't know what the final outcome will be, whether there will be a petition. But to focus, I think that the better argument for the government is to distinguish Davenport and to say that even assuming that that were a controlling precedent in the sense that it's out there, we have to deal with it, we can distinguish it on the facts in that in Davenport, at least from the record as it appears, there was just receipt and possession, which were totally overlapping both in time and also where the images were stored. They were all restricted to his computer, whereas in this case, Mr. Shales downloaded images from the Internet over a span of time, which ended in September of 2005. The possession of those images went beyond that into October of 2005. And further, it's distinct because not only did he download those images and possess those, but once he had those on his computer, he made copies of those, both by printing those images that were downloaded and then also transferring some of those images from the computer to compact disks. Let me ask you, could he have been sentenced consecutively on count two? Our argument is yes, because you do have different facts that support the conviction. Because he would almost prevail on this, it would have to be possible to sentence him consecutively, right? Correct. Because if he couldn't, you know, I mean, the trick question, if you said no, he couldn't have been sentenced consecutively, then I'd go gotcha, right? Well, I think we have to acknowledge that he could, and that was even before Davenport came out, our position was that statutorily in this case that the maximum punishment was 50 years. The defense argued that the count should be grouped, which under the guidelines they are, and the district court said, well, I don't agree that it's a 50-year potential maximum. Theoretically, yes, but as a practical matter, it's 20 years. So our position would be, no, he could be punished up to the statutory maximum on each count, 20 for counts one and three and 10 years for count two. What's really different about, excepting Davenport now for the purpose of this argument, what's different? You can talk about how he made copies, how he held it for an extended period of time, but the statute only requires possession. It doesn't provide for possession for a longer period of time or something. So that once you've committed the receipt offense, is there anything left that needs to be proved in order to prove up the possession offense? For those particular images that are received at any given moment, probably not. And so under those facts, which I think are more what you had in Davenport, where they were totally overlapping in time, then I don't think they have facts like what we have in this case, which the possession count extended beyond the time of the receipt. Could it extend to different images? Yes. In our case, we had the defendant receiving images, and then, as I said, he would print some of those, so there were hard copies that were found when the search warrant was executed. Others he transferred on to compact disk. So if you look simply at those in the other formats, which were not received on the computer, arguably he didn't receive those. So there is no overlap on those particular images, because arguably by copying them in one form or another, you're defining the copied version, which illustrates the same thing, but you're defining the copied version as a separate image. Correct. So I think there are scenarios where you don't necessarily have receipt where you have possession. Another example might be where an individual such as Mr. Shales, who seemed to be interested only in child pornography, but if somebody in that situation subscribed to websites, thinking that they were going to be purchasing adult pornography, knowingly received adult pornography, later looked at that material and discovered, wow, there are images of child pornography here. Well, I'll keep those, too. Arguably they didn't knowingly receive those, but they knowingly possessed them once they decided to retain those. So we think that that's another distinction in that. But in that case, you wouldn't have the first, you wouldn't have the receipt offense. I mean, I don't think there's an objection to permitting, to a conviction for possession. The question is whether you can also convict for receipt when you're talking about the same illustrations. And we think so, because it's not always a lesser included offense of receipt. And that's why I gave one example of, for instance, having receipt of a firearm in one month, possession of a firearm in a different month. Arguably, if you look at possession of a firearm as a lesser included offense of receipt under one set of facts. But is that the way this went to the jury? Yes, we did argue that. If you look in the record at where the closing argument was made, there was reference to the defendant's retention of the images. And that conceptually, the argument made was to the jurors, look, at count one as receipt of images, he's going out to the Internet, obtaining these images. Count two is possession of those images. So therefore, he's retaining those, he's putting those onto his hard drive, putting them on the CD-ROMs, and then also printing those. How could he possess them without receiving them? He could in the sense that, for instance, those images that he puts onto the CD, if you look just at those images or if you look at just the printed images, he didn't receive those images per se in that he created the copy. So you couldn't show that he downloaded that image from the Internet. You'd have to take it a step back, and there would be receipt of images which are on the computer. But here's the difficulty I'm having, and just trying to visualize this, that my understanding of generally when this, you know, like you would commonly see this in state court with a forfeit, a burglary, and a receiving stolen property, and they would say you can't steal and receive the same property. And so you could charge it, but once they were convicted, one of them, you know, then the lesser would go. You're saying that it's got to be a factual determination in every case, and I think usually the jurisprudence has said goes by the charges, not the factual. Am I incorrect on that? I agree with the court, but I think also implicit with any double jeopardy argument is an examination of the facts. So in other words, if you can point to, and generally I would say that it's a defendant that has that as a defense under the Fifth Amendment to argue double jeopardy, and then perhaps it shifts to the government to show that it doesn't apply. But see, you're arguing more like I would call in state court like a 654 stay or something. If you can be convicted of both, you might not be able to be sentenced on both. You know, you would have to stay the sentence because you determine the facts are basically the same. But the double jeopardy argument says you can't be convicted of both, and so then it's different, and usually it attaches. We say you can't be convicted of this charge and this charge, both. Well, the cases that I've read, Your Honor, indicate that you can, in fact, be convicted and that it's not improper for the government to charge and proceed to trial on counts even if they are. Well, you can be convicted in the sense that the jury can come back on that. But after that, you've got to get rid of one. Correct. It would be multiplicitous if it's based on the same acts or conduct. And that's our argument, that here we don't have the same acts or conduct that justify the sentence for the possession count because, although, yes, some of the images arguably do overlap because they are images that he received, you still have a span of time. Okay. But if we accept your argument here, then what I'm hearing you say is sometimes a double jeopardy argument is going to work with these two charges, and sometimes it's not. Yes. I agree with that. And what can we know here? I mean, the jury wasn't put that question, was it? We don't know what images they had in mind when they convicted for possession. We unfortunately don't have a special verdict that would have made things much easier to... Nobody anticipated that this problem was going to pop out of the shack in the box. Correct. But I think that what — and unfortunately, and I've never had the argument, I've been obligated to file a supplemental brief, and given the time constraints, I did not come across this case until just yesterday morning, so I apologize. But I give the Court this citation, U.S. v. Fialo, F-I-A-L-L-O dash Yacomi, J-A-C-O-M-E. It's an 11th Circuit decision, which is found at 784 F. 2nd, 1064. That was quite a few decades ago, wasn't it? Correct, but I think that it's still valid. And in that case, when it's read, there were issues of whether or not you can look at the indictment or beyond the indictment. And there, the 11th Circuit said not only can you look at the indictment, but sometimes you have to go beyond the indictment to look at what the facts were in the case. But let me ask you this. You indicated at the beginning that the government has — is considering whether or not to pursue Davenport further and ask for unbanged proceedings or possibly a cert petition. In your view, would it behoove us to wait until Davenport — Davenport pot stops boiling? Your Honors would be in a better position to make that decision. I would suggest that, in our view, because of the argument that we've made here, that you could decide this case and distinguish Davenport so that even if the petition for rehearing is not granted and this is what we are left with. If you find it a little difficult to do that, then your second option would be that we wait? Correct. Okay. I would see no harm in the panel waiting to see what happens with Davenport. The petition, it's my understanding, is due by May 5th. So that would give some indication. But unless there are any other questions, I'll submit the matter. Thank you. Just very briefly, Your Honors, on the issue of Davenport. It is correct that the proof at trial was that some of the images Mr. Shales downloaded onto CDs and kept. And some of the images Mr. Shales used for count three purposes. That's the morphine and putting all this stuff together. Correct. Correct. I can't dispute that. But he still has to receive. And even if all he does is move them to another, to a CD so that he can retain them, he still has to receive them. He still has to be in possession of them. He clearly was in possession of them. He had to be in possession of them to create under count three, to receive, produce or receive images. He still had to be in possession. I don't want to encourage the government to start parceling out a whole lot of counts in child pornography cases. But the government did have that option when it initially charged this. If it wanted to charge these instances of possession versus receipt separately, it could have done so initially in its indictment. It did not do that. I don't want to encourage it. I definitely don't. My office will be very upset with me. But it could have been charged that way. It was not charged that way. And as the court pointed out, we don't have any indication from the jury how it was viewed, because I don't think any of us anticipated arguing about this particular part of the case. Other than that, I will submit it.
judges: Schroeder, Clifton, Callahan